IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **Automation Controls of Michigan, LLC** a Michigan Limited Liability Co. | ) ) ) | Richard Alan Enslen Case No. U.S. District Judge |
| **Plaintiff** | ) ) ) | Hon. 1:03 CV 0190 |
| v. | ) ) | JURY TRIAL DEMANDED |
| **HRF Exploration & Production, Inc.** a Michigan Corporation | ) ) ) ) ) | |
| **Defendant** | ) ) | |

**MCGARRY BAIR PC**
*Counsel for Plaintiff*
*Automation Controls, LLC*
G. Thomas Williams (P53734)
Mary C. Bonnema (P48789)
171 Monroe Avenue NW, Suite 600
Grand Rapids, Michigan 49503
Tel:   (616) 742-3500
Fax:   (616) 742-1010

### COMPLAINT AND JURY DEMAND

The Plaintiff, Automation Controls of Michigan, LLC ("Automation Controls"), for its Complaint against the Defendant alleges and states:

### PARTIES, JURISDICTION & VENUE

1. Automation Controls is a Michigan Limited Liability Company with its principal place of business at 171 Monroe Ave. N.W., Grand Rapids, Michigan.

2. On information and belief, Defendant HRF Exploration & Production, Inc. ("HRF"), is a Michigan Corporation, with its principal places of business located at 1675 Broadway, Denver, Colorado, and at 990 S. Wisconsin, Gaylord, Michigan. On

1

information and belief, HRF operates and maintains gas wells in the State of Michigan and in this judicial district.

3. This action is for patent infringement under the Patent Act of 1952, 35 U.S.C. § 271(a) and (b). This Court has subject matter jurisdiction over Automation Controls' claims, pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Upon information and belief, HRF is doing business within this judicial district, has committed acts of infringement in this judicial district, and/or is subject to personal jurisdiction within this judicial district, therefore subjecting it to jurisdiction within this judicial district and making venue proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

### GENERAL ALLEGATIONS

5. Automation Controls is in the business of licensing technology related to improving the efficiency of shallow gas wells. It provides this efficiency through a technology that reduces the cost of operating gas wells and improves profitability for the operators of the gas wells to better use the natural resources of the State of Michigan. This technology is the subject of a number of patents, which are identified in paragraphs 7-9 herein. Automation Controls is the exclusive licensee of those patents and has the right to enforce these patents.

6. Upon information and belief, HRF is an oil and gas exploration and production company that is in the business of selling oil and natural gas to customers and users. HRF operates gas production wells throughout the State of Michigan and in this judicial district.

7. Upon information and belief, HRF is in the business of selling equipment for controlling the operation of gas wells, and HRF installs equipment on the gas wells of others.

## THE PATENTS

8. On June 3, 1997, United States Patent No. 5,634,522 ("the '522 Patent") titled "Liquid Level Detection for Artificial Lift System Control" was duly and legally issued by the U.S. Patent & Trademark Office to Michael D. Hershberger, of Kalkaska, Michigan. Automation Controls is the exclusive licensee of the '522 Patent and has the right to enforce this patent against infringers. A copy of the '522 Patent is attached as Exhibit A.

9. On October 27, 1998, United States Patent No. 5,826,659 ("the '659 Patent") titled "Liquid Level Detection for Artificial Lift System Control" was duly and legally issued by the U.S. Patent & Trademark Office to Michael D. Hershberger of Kalkaska, Michigan. Automation Controls is the exclusive licensee of the '659 Patent and has the right to enforce this patent against infringers. A copy of the '659 Patent is attached as Exhibit B.

10. On February 11, 2003, United States Patent No. 6,516,879 ("the '879 Patent") titled "Liquid Level Detection for Artificial Lift System Control" was duly and legally issued by the U.S. Patent & Trademark Office to Michael D. Hershberger of Kalkaska, Michigan. Automation Controls is the exclusive licensee of the '879 Patent and has the right to enforce this patent against infringers. A copy of the '879 Patent is attached as Exhibit C.

11. The '522, '659, and '879 Patents (collectively "the Hershberger Patents") are in full force and effect and are valid.

### HRF's PATENT INFRINGEMENT

12. Since at least the late fall of 2000, HRF has used a process and system for producing gas from a gas and liquid containing underground stratum that infringe at least one claim of each of the Hershberger Patents.

13. Upon information and belief, HRF has sold and installed systems for others that produce gas from a gas and liquid containing underground stratum that infringes at least one claim of each of the Hershberger Patents.

14. On November 29, 2000, Automation Controls provided notice to HRF about its infringement of the '522 and '659 Patents, as well as of the pending patent application for the '879 Patent. Automation Controls also informed HRF that Automation Controls is the exclusive licensee of the Hershberger Patents. Upon information and belief, HRF never responded to Automation Controls' November 29, 2000, notice of its infringement.

15. On December 5, 2002, Automation Controls again provided notice to HRF that it is the exclusive licensee of the Hershberger Patents and that HRF was employing methods and systems that infringe Automation Controls' valid patent rights in the '522 and '659 Patents.

16. On December 18, 2002, HRF denied infringement of the Hershberger Patents.

17. Despite receiving notice of the Hershberger Patents and Automation Controls' valid patent rights, HRF continues to produce gas from its wells using a process and a system that infringes Automation Controls' patent rights, including within this judicial district, and without authority from Automation Controls.

## COUNT I

### PATENT INFRINGEMENT OF THE '522 PATENT
### 35 U.S.C. § 271(A) AND (B)

18. Automation Controls incorporates paragraphs 1-17 as if fully stated herein.

19. On information and belief, in producing gas from its wells, HRF is using a process or a system that literally infringes every element of at least claims 1-4, 12, 14, 23, 30-34, 37, 39, 41-43 and 49 of the '522 Patent.

20. On information and belief, HRF has been and still is using a process or a system with its wells that includes, either literally or under the doctrine of equivalents, every element of at least claims 1-4, 12, 14, 23, 30-34, 37, 39, 41-43 and 49 of the '522 Patent.

21. On information and belief, HRF has induced the infringement by others of the '522 Patent, in violation of 35 U.S.C. § 271(b).

22. The foregoing activities of HRF constitute infringement of the '522 Patent in violation of 35 U.S.C. § 271(a) and (b), and HRF will continue to infringe the '522 Patent until and unless enjoined by this Court.

23. On information and belief, HRF has, by its conduct, caused Automation Controls irreparable harm for which there is no adequate remedy at law.

24. On information and belief, HRF's infringement has been willful.

25. Automation Controls has suffered damage as a result of HRF's infringement to date.

26. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

## **COUNT II**

### PATENT INFRINGEMENT OF THE '659 PATENT
### 35 U.S.C. § 271(A) AND (B)

27. Automation Controls incorporates paragraphs 1-26 as if fully stated herein.

28. On information and belief, in producing gas from its wells, HRF is using a process or a system that literally infringes every element of at least claim 23 of the '659 Patent.

29. On information and belief, HRF has been and still is using a process or a system with its wells that includes, either literally or under the doctrine of equivalents, every element of at least claim 23 of the '659 Patent.

30. On information and belief, HRF has induced the infringement by others of the '659 Patent, in violation of 35 U.S.C. § 271(b).

31. The foregoing activities of HRF constitute infringement of the '659 Patent in violation of 35 U.S.C. § 271(a) and (b), and HRF will continue to infringe the '659 Patent until and unless enjoined by this Court.

32. On information and belief, HRF has, by its conduct, caused Automation Controls irreparable harm for which there is no adequate remedy at law.

33. On information and belief, HRF's infringement has been willful.

34. Automation Controls has suffered damage as a result of HRF's infringement to date.

35. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

## COUNT III

### PATENT INFRINGEMENT OF THE '879 PATENT
### 35 U.S.C. § 271(A) AND (B)

36. Automation Controls incorporates paragraphs 1-35 as if fully stated herein.

37. On information and belief, in producing gas from its wells, HRF is using a process or system that literally infringes every element of at least claims 1-4, 7-14, 17-24, 27-30 of the '879 Patent.

38. On information and belief, HRF has been and still is using a process or a system with its wells that includes, either literally or under the doctrine of equivalents, every element of at least claims 1-4, 7-14, 17-24, 27-30 of the '879 Patent.

39. On information and belief, HRF has induced the infringement by others of the '879 Patent, in violation of 35 U.S.C. § 271(b).

40. The foregoing activities of HRF constitute infringement of the '879 Patent in violation of 35 U.S.C. § 271(a) and (b), and HRF will continue to infringe the '879 Patent until and unless enjoined by this Court.

41. On information and belief, HRF has, by its conduct, caused Automation Controls irreparable harm for which there is no adequate remedy at law.

42. On information and belief, HRF's infringement has been willful.

43. Automation Controls has suffered damage as a result of HRF's infringement to date.

44. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Automation Controls prays that this Court:

1. Preliminarily and permanently enjoin the Defendant and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order, from using processes that infringe the Hershberger Patents and importing, manufacturing, using, selling and/or offering for sale products incorporating processes that infringe the Hershberger Patents.

2. Issue an Order directing the Defendant and its officers, agents, servants, employees, and attorneys, and those acting in concert and participation with them who receive actual notice of the Order, to destroy all molds, machines, tooling, or other equipment used with processes that infringe the Hershberger Patents.

3. Award Automation Controls monetary damages adequate to compensate Automation Controls for past infringement consistent with 35 U.S.C. §284, and that the amount of damages assessed be trebled in view of the willful infringement, together with costs and prejudgment interest.

4. Award Automation Controls its reasonable attorneys' fees pursuant to 35 U.S.C §285.

5. Grant and award any and all relief found necessary and proper under these circumstances.

## JURY DEMAND

Automation Controls demands a trial by jury pursuant to Fed. R. Civ. P. 38, as to all claims and issues in this lawsuit.

Respectfully submitted,

**MCGARRY BAIR PC**
*Attorneys for Automation Controls*
*Of Michigan, LLC*

Dated: March _17_, 2003

By: _/s/ Mary C. Bonnema_
G. Thomas Williams (P53734)
Mary C. Bonnema (P48789)
171 Monroe Avenue NW,
Suite 600
Grand Rapids, Michigan 49503
Tel: (616) 742-3500
Fax: (616) 742-1010