IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Automation Controls of Michigan, LLC, a Michigan Limited Liability Co., <br><br> Plaintiff, <br><br> v. <br><br> HRF Exploration & Production, Inc., a Michigan Corporation, <br><br> Defendant. | Case No. 1:03 CV 0190 <br><br> Hon. Richard Alan Enslen <br> U.S. District Court <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

G. Thomas Williams (P53734)
Mary C. Bonnema (P48789)
McGarry Bair, P.C.
Counsel for Plaintiff
171 Monroe Avenue, N.W., Suite 600
Grand Rapids, MI 49503
(616) 742-3500

Mark A. Van Allsburg (P36463)
Jennifer A. Puplava (P58949)
Mika Meyers Beckett & Jones, P.L.C.
Counsel for Defendant
900 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 632-8000

---

NOW COMES Defendant, HRF Exploration & Production, Inc. ("HRF"), by its attorneys, Mika Meyers Beckett & Jones PLC, and in answer to Plaintiff's Complaint, states as follows:

### PARTIES, JURISDICTION & VENUE

1. Automation Controls is a Michigan Limited Liability Company with its principal place of business at 171 Monroe Avenue, N.W., Grand Rapids, Michigan.

**ANSWER:** HRF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. On information and belief, defendant HRF Exploration & Production, Inc. ("HRF") is a Michigan Corporation, with its principal places of business located at 1675 Broadway, Denver, Colorado, and at 990 S. Wisconsin, Gaylord, Michigan. On information and belief, HRF operates and maintains gas wells in the State of Michigan and in this judicial district.

**ANSWER:** HRF admits that it is a Michigan corporation with a place of business at 990 S. Wisconsin, Gaylord, Michigan. The remaining allegations contained in paragraph 2 are denied, and HRF affirmatively states that it has a place of business at 4601 DTC Boulevard, Denver, Colorado.

3. This action is for patent infringement under the Patent Act of 1952, 35 U.S.C. § 271(a) and (b). This Court has subject matter jurisdiction over Automation Controls' claims, pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER:** HRF admits that the Court as subject matter jurisdiction over the claims brought by Automation Controls, but denies that there is a factual or legal basis for such claims.

4. Upon information and belief, HRF is doing business within this judicial district, has committed acts of infringement in this judicial district, and/or is subject to personal jurisdiction within this judicial district, therefore subjecting it to jurisdiction within this judicial district and making venue proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** The allegations contained in paragraph 4 are denied.

<u>**GENERAL ALLEGATIONS**</u>

5. Automation Controls is in the business of licensing technology related to improving the efficiency of shallow gas wells. It provides this efficiency through a technology that reduces the cost of operating gas wells and improves profitability for the operators of the gas wells to better use the natural resources of the State of Michigan. This technology is the subject of a number of patents,

which are identified in paragraphs 7-9 herein. Automation Controls is the exclusive licensee of those patents and has the right to enforce these patents.

**ANSWER:** HRF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Upon information and belief, HRF is an oil and gas exploration and production company that is in the business of selling oil and natural gas to customers and users. HRF operates gas production wells throughout the State of Michigan and in this judicial district.

**ANSWER:** HRF admits that it is an oil and gas production company that is in the business of selling oil and natural gas to industry purchasers and professional marketers of natural gas. HRF further admits that it operates gas production wells in the State of Michigan. The remaining allegations contained in paragraph 6 are denied as untrue.

7. Upon information and belief, HRF is in the business of selling equipment for controlling the operation of gas wells, and HRF installs equipment on the gas wells of others.

**ANSWER:** HRF admits that it installs equipment for controlling operation of gas wells on wells HRF is producing. The remaining allegations contained in paragraph 7 are denied as untrue.

### THE PATENTS

8. On June 3, 1997, United States Patent No. 5,634,522 ("the '522 Patent") titled "Liquid Level Detection for Artificial Lift System Control" was duly and legally issued by the U.S. Patent & Trademark Office to Michael D. Hershberger, of Kalkaska, Michigan. Automation Controls is the exclusive licensee of the '522 Patent and has the right to enforce this patent against infringers. A copy of the '522 Patent is attached as Exhibit A.

**ANSWER:** HRF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. On October 27, 1998, United States Patent No. 5,826,659 ("the '659 Patent") titled "Liquid Level Detection for Artificial Lift System Control" was duly and legally issued by the U.S. Patent & Trademark Office to Michael D. Hershberger of Kalkaska, Michigan. Automation Controls is the exclusive licensee of the '659 Patent and has the right to enforce this patent against infringers. A copy of the '659 Patent is attached as Exhibit B.

**ANSWER:** HRF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. On February 11, 2003, United States Patent No. 6,516,879 ("the '879 Patent") titled "Liquid Level Detection for Artificial Lift System Control" was duly and legally issued by the U.S. Patent & Trademark Office to Michael D. Hershberger of Kalkaska, Michigan. Automation Controls is the exclusive licensee of the '879 Patent and has the right to enforce this patent against infringers. A copy of the '879 Patent is attached as Exhibit C.

**ANSWER:** HRF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. The '522, '659, and '879 Patents (collectively "the Hershberger Patents") are in full force and effect and are valid.

**ANSWER:** HRF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

## HRF's PATENT INFRINGEMENT

12. Since at least the late fall of 2000, HRF has used a process and system for producing gas from a gas and liquid containing underground stratum that infringe at least one claim of each of the Hershberger Patents.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

13. Upon information and belief, HRF has sold and installed systems for others that produce gas from a gas and liquid containing underground stratum that infringes at least one claim of each of the Hershberger Patents.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents. HRF further denies that it has sold and installed systems for others.

14. On November 29, 2000, Automation Controls provided notice to HRF about its infringement of the '522 and '659 Patents, as well as of the pending patent application for the '879 Patent. Automation Controls also informed HRF that Automation Controls is the exclusive licensee of the Hershberger Patents. Upon information and belief, HRF never responded to Automation Controls' November 29, 2000, notice of its infringement.

**ANSWER:** HRF admits that it received correspondence from Automation Controls regarding the recited Hershberger Patents. HRF denies that it never responded to this correspondence, and also denies that it had actual knowledge that it infringed HRF's patents. HRF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15. On December 5, 2002, Automation Controls again provided notice to HRF that it is the exclusive licensee of the Hershberger Patents and that HRF was employing methods and systems that infringe Automation Controls' patent rights.

**ANSWER:** HRF admits that it received a second correspondence from Automation Controls regarding the Hershberger Patents. HRF denies that it is infringing any valid or enforceable claim of the Hershberger Patents.

16. On December 18, 2002, HRF denied infringement of the Hershberger Patents.

**ANSWER:** HRF admits that it informed Automation Controls that it was not infringing on Automation Controls' interests.

17. Despite receiving notice of the Hershberger Patents and Automation Controls' valid patent rights, HRF continues to produce gas from its wells using a process and a system that infringes Automation Controls' patent rights, including within this judicial district, and without authority from Automation Controls.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

## COUNT I

### PATENT INFRINGEMENT OF THE '522 PATENT
### 35 U.S.C. § 271(A) AND (B)

18. Automation Controls incorporates paragraphs 1-17 as if fully stated herein.

**ANSWER:** HRF realleges and incorporates by reference its answers to paragraphs 1 through 18 of this Complaint.

6

19. On information and belief, in producing gas from its wells, HRF is using a process or a system that literally infringes every element of at least claims 1-4, 12, 14, 23, 30-34, 37, 39, 41-43 and 49 of the '522 Patent.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

20. On information and belief, HRF has been and still is using a process or a system with its wells that includes, either literally or under the doctrine of equivalents, every element of at least claims 1-4, 12, 14, 23, 30-34, 37, 39, 41-43 and 49 of the `522 Patent.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

21. On information and belief, HRF has induced the infringement by others of the `522 Patent, in violation of 35 U.S.C. § 271(b).

**ANSWER:** The allegations contained in paragraph 21 are denied as untrue.

22. The foregoing activities of HRF constitute infringement of the `522 Patent in violation of 35 U.S.C. § 271 (a) and (b), and HRF will continue to infringe the `522 Patent until and unless enjoined by this Court.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

23. On information and belief, HRF has, by its conduct, caused Automation Controls irreparable harm for which there is no adequate remedy at law.

**ANSWER:** The allegations contained in paragraph 23 are denied as untrue.

24. On information and belief, HRF's infringement has been willful.

**ANSWER:** The allegations contained in paragraph 24 are denied as untrue.

25. Automation Controls has suffered damage as a result of HRF's infringement to date.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents. Hence, HRF cannot be liable for any damages, to the extent such exist.

26. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

**ANSWER:** The allegations contained in paragraph 26 are denied as untrue.

## COUNT II

### PATENT INFRINGEMENT OF THE '659 PATENT
### 35 U.S.C. § 271(A) AND (B)

27. Automation Controls incorporates paragraphs 1-26 as if fully stated herein.

**ANSWER:** HRF realleges and incorporates by reference its answers to paragraphs 1 through 26 of this Complaint.

28. On information and belief, in producing gas from its wells, HRF is using a process or a system that literally infringes every element of at least claim 23 of the '659 Patent.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

29. On information and belief, HRF has been and still is using a process or a system with its wells that includes, either literally or under the doctrine of equivalents, every element of at least claim 23 of the '659 Patent.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

30. On information and belief, HRF has induced the infringement by others of the `659 Patent, in violation of 35 U.S.C. § 271(b).

**ANSWER:** The allegations contained in paragraph 30 are denied as untrue.

31. The foregoing activities of HRF constitute infringement of the '659 Patent in violation of 35 U.S.C. § 271(a) and (b), and HRF will continue to infringe the '659 Patent until and unless enjoined by this Court.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

32. On information and belief, HRF has, by its conduct, caused Automation Controls irreparable harm for which there is no adequate remedy at law.

**ANSWER:** The allegations contained in paragraph 32 are denied as untrue.

33. On information and belief, HRF's infringement has been willful.

**ANSWER:** The allegations contained in paragraph 33 are denied as untrue.

34. Automation Controls has suffered damage as a result of HRF's infringement to date.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents. Hence, HRF cannot be liable for any damages, to the extent such exist.

35. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

**ANSWER:** The allegations contained in paragraph 35 are denied as untrue.

## COUNT III

### PATENT INFRINGEMENT OF THE '879 PATENT
### 35 U.S.C. § 271(A) AND (B)

36. Automation Controls incorporates paragraphs 1-35 as if fully stated herein.

**ANSWER:** HRF realleges and incorporates by reference its answers to paragraphs 1 through 35 of this Complaint.

37. On information and belief, in producing gas from its wells, HRF is using a process or system that literally infringes every element of at least claims 1-4., 7-14, 17-24, 27-30 of the '879 Patent.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

38. On information and belief, HRF has been and still is using a process or a system with its wells that includes, either literally or under the doctrine of equivalents, every element of at least claims 1-4, 7-14, 17-24, 27-30 of the '879 Patent.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

39. On information and belief, HRF has induced the infringement by others of the '879 Patent, in violation of 35 U.S.C. § 271(b).

**ANSWER:** The allegations contained in paragraph 39 are denied as untrue.

40. The foregoing activities of HRF constitute infringement of the '879 Patent in violation of 35 U.S.C. § 271 (a) and (b), and HRF will continue to infringe the '879 Patent until and unless enjoined by this Court.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents.

41. On information and belief, HRF has, by its conduct, caused Automation Controls irreparable harm for which there is no adequate remedy at law.

**ANSWER:** The allegations contained in paragraph 41 are denied as untrue.

42. On information and belief, HRF's infringement has been willful.

**ANSWER:** The allegations contained in paragraph 42 are denied as untrue.

43. Automation Controls has suffered damage as a result of HRF's infringement to date.

**ANSWER:** HRF denies that it has infringed any valid or enforceable claim of the Hershberger Patents. Hence, HRF cannot be liable for any damages, to the extent such exist.

44. This is an exceptional case as that term is defined in 35 U.S.C. § 285.

**ANSWER:** The allegations contained in paragraph 44 are denied as untrue.

### PRAYER FOR RELIEF

WHEREFORE, HRF Exploration & Production, Inc. prays that this Court dismiss Automation Controls' Complaint with prejudice and award HRF Exploration & Production, Inc. its attorneys' fees and costs wrongfully incurred.

### DEFENSES, AFFIRMATIVE DEFENSES AND RESERVATION OF DEFENSES

1. Automation Controls has failed to state a claim upon which relief can be granted.

2. Automation Controls' claims are barred by the doctrines of laches, waiver, estoppel, unclean hands, duress and/or similar conduct.

3. Automation Controls' claims should be dismissed for lack of personal jurisdiction.

4. Automation Controls' claims should be dismissed for improper venue.

5. HRF does not infringe any valid or enforceable patent rights of Automation Controls.

6. The Hershberger Patents are invalid and unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including 35 U.S.C. §§ 102, 103, 112, 119 and/or 120, and the Code of Federal Regulations, including 37 C.F.R. §§ 1.56, 1.97 and 1.98.

7. Automation Controls has no right to recover damages since it is not the legal patent holder.

8. Automation Controls has no standing to sue and/or obtain the relief sought herein.

9. Automation Controls has failed to join an indispensable party.

10. HRF reserves the right to supplement its affirmative defenses as additional defenses become known through the discovery process.

Respectfully submitted,

MIKA, MEYERS, BECKETT & JONES PLC
Attorneys for HRF Exploration & Production, Inc.

Dated: May 15, 2003      By: *Jennifer Puplava*
Mark A. Van Allsburg (P36463)
Jennifer A. Puplava (P58949)
Business Address:
900 Monroe Avenue, N.W.
Grand Rapids, Michigan 49503
(616) 632-8000

H:\JAP\CLN\HRF.Automation.ControlAnswer.Revised.wpd